## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDUARD ZAVALUNOV,            :       Civil No. 3:18-cv-2152

         Petitioner          :       (Judge Mariani)

      v.                    :

WARDEN DOUGLAS K. WHITE,    :

         Respondent      :

## MEMORANDUM

### I.    Background

On November 7, 2018, Petitioner Eduard Zavalunov ("Zavalunov"), an inmate

confined at the Allenwood Low Federal Correctional Institution, in White Deer,

Pennsylvania, filed a verified complaint and/or petition for writ of habeas corpus. (Doc. 1).

Named as Respondents are Warden White, the Federal Bureau of Prisons, and John Doe

#1, Current Director of Immigration and Customs Enforcement ("ICE"). (*Id.*). Zavalunov

submitted the $5.00 filing fee for a petition for writ of habeas corpus, and an application for

leave to proceed *in forma pauperis* for a petition for writ of habeas corpus (AO 240 Short

Form). (*See* Docket Entry dated November 16, 2018; Doc. 4). Accordingly, this case was

docketed and opened as a 28 U.S.C. § 2241 habeas action.

Previously by Order dated November 19, 2018, the Court construed Zavalunov's

verified complaint and/or petition for writ of habeas corpus as a habeas petition, and

dismissed the Federal Bureau of Prisons and John Doe #1, Current Director of Immigration

and Customs Enforcement, and Ordered service of the petition. (Doc. 6). Zavalunov

subsequently indicated that this action includes habeas claims, as well as civil rights claims.

(Doc. 7). Respondent likewise contends that this action alleges more than habeas claims,

and requests that the Court construe the petition as a complaint. (Doc. 12). Respondent

has thus moved for reconsideration of the Court's November 19, 2018 Order. (Doc. 11).

For the reasons set forth below, the Court will grant the motion in part.

## II.  Motion for Reconsideration Standard of Review

A motion for reconsideration is a device of limited utility. It may be used only to seek

remediation for manifest errors of law or fact or to present newly discovered evidence

which, if discovered previously, might have affected the court's decision. *Harsco Corp. v.*

*Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Accordingly, a

party seeking reconsideration must demonstrate at least one of the following grounds prior

to the court altering, or amending, a standing judgment: (1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when the court

granted the motion; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice. *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999),

*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is appropriate in instances where the court has ". . .

misunderstood a party, or has made a decision outside the adversarial issues presented to

the Court by the parties, or has made an error not of reasoning but of apprehension."

*Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated*

*in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting*

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It

may not be used as a means to reargue unsuccessful theories, or argue new facts or issues

that were not presented to the court in the context of the matter previously decided.

*Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts

have a strong interest in the finality of judgments, motions for reconsideration should be

granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937,

943 (E.D. Pa. 1995).

## III.    Discussion

In the instant motion, Respondent requests that the Court reconsider its November

19, 2018 Order, amend the Order, construe the petition as a complaint, Order Zavalnuov to

pay the entire filing fee or move for *in forma pauperis* status, and Order service of the

complaint. (Doc. 12).

A habeas petition may be brought by a prisoner who seeks to challenge either the

fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford*

*v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The

underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally

been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Zavalunov alleges that the BOP improperly placed detainers on individuals without the proper documents provided by ICE; ICE improperly issued a detainer in violation of the Administrative Procedures Act, and the Fourth and Fifth Amendments; the BOP improperly refers inmates to ICE based solely on national origin in violation of the Fourteenth Amendment; ICE improperly places detainers on inmates based solely on national origin in violation of the Fourteenth Amendment; the issuance of a detainer constitutes custody for purposes of § 2241; and, he has a statutory right to be considered for placement in a Residential Reentry Center. (Doc. 1). Zavalunov seeks appointment of counsel, declaratory and injunctive relief, attorney's fees and costs, and any other relief deemed just and proper. (Doc. 1, pp. 18-19).

Careful review of the petition reveals that, because Zavalunov is seeking to impose liability due to the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action. Consequently, the motion for reconsideration will be granted to the extent that the appropriate remedy for Zavalunov's claims is a civil rights action. The petition will be dismissed without prejudice to any right Zavalunov may have to reassert his present claims in a properly filed civil rights complaint.

## IV.  Conclusion

Based on the foregoing, Respondent's motion (Doc. 11) for reconsideration will be granted in part.

A separate Order shall issue.

Date: December _____6_____, 2018

Robert D. Mariani
United States District Judge